IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| APRIL MALONE and CELITRIA WATSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SHELBY COUNTY, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. <br> 2:18-cv-02201-MSN/tmp <br> Jury Demanded |

# SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held on January 30, 2019. Present were Plaintiff April Malone; Plaintiff Celitria Watson; Barbaralette G. Davis and Darius Walker, Jr., counsel for Defendant City of Memphis; and John Marshall Jones and E. Lee Whitwell, counsel for Defendant Shelby County. At the conference, the following dates were established as final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:
February 13, 2019

**MOTIONS TO JOIN PARTIES**: March 27, 2019

**MOTIONS TO AMEND PLEADINGS**: March 27, 2019

**MOTIONS TO DISMISS**: April 26, 2019

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)    ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):**
        April 26, 2019

    Mediator must file Mediation Certification Form:
https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

    **(b)**   **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:[1]**

        **Mediator's Name:** Alan B. Crone
                            The Crone Law Firm
                            acrone@cronelawfirmplc.com
                            (901) 737-7740

**COMPLETING ALL DISCOVERY**: July 31, 2019

    **(a)**   **DOCUMENT PRODUCTION AND INTERROGATORIES:[2]**
           July 31, 2019

    **(b)**   **DEPOSITIONS AND REQUESTS FOR ADMISSIONS**:[3]
           July 31, 2019

    **(c)**   **EXPERT WITNESS DISCLOSURES (Rule 26)**:

        **(1)**   **DISCLOSURE OF PLAINTIFFS' RULE 26 EXPERT INFORMATION:**
               May 31, 2019

        **(2)**   **DISCLOSURE OF DEFENDANTS' RULE 26 EXPERT INFORMATION:**
               July 1, 2019

        **(3)**   **EXPERT WITNESS DEPOSITIONS:** July 31, 2019

**MOTIONS TO EXCLUDE EXPERTS/*DAUBERT* MOTIONS**: August 30, 2019

---

[1] In accordance with the court's Mediation Plan for Pro Se Civil Cases with Parties Granted in Forma Pauperis Status, the court finds that the *pro se* plaintiffs shall be relieved of their obligation to pay his share of the mediator's fee, and that their share shall be paid by the Clerk of Court from the Court's Pro Bono Expense Fund.

Mediation in this case will therefore be governed by Section 9 of the Pro Se IFP Plan, which "caps" the mediator's fees at $1,000 based on 4 hours at $250 per hour.

[2] The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

[3] *See* note 2.

**FILING DISPOSITIVE MOTIONS**: August 30, 2019

**JOINT PROPOSED PRETRIAL ORDER DUE:** Will be set by separate order or setting letter.

**PRETRIAL CONFERENCE DATE:** Will be set by separate order or setting letter.

**JURY TRIAL:** Will be set by separate order or setting letter.

Trial is anticipated to last approximately 3 days.

The parties **do not** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

With respect to the discovery of electronically stored information ("e-discovery"), if documents and/or other materials requested in discovery are stored in an electronic format, those documents will be produced, to the extent practicable, in printed format.

Fed. R. Civ. P. 26(b)(5)(B) applies in the event privileged or otherwise protected information is inadvertently produced.

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a

party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

*This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.*

IT IS SO ORDERED this 30th day of January, 2019.

                                              s/ Tu M. Pham
                                              TU M. PHAM
                                              UNITED STATES MAGISTRATE JUDGE