```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
_____

APRIL MALONE and                )
CELITRIA WATSON,                )
                                )
     Plaintiffs,                )
                                )
v.                              )    No. 18-cv-2201-MSN-tmp
                                )
SHELBY COUNTY; PAUL HAGERMAN,   )
Assistant District Attorney,    )
Individually and in his         )
Official Capacity;              )
AUSTIN SCHOLEFIELD,             )
Individually and in his         )
Official Capacity;              )
CHRIS SCRUGGS, Individually     )
and in his Official Capacity;   )
CITY OF MEMPHIS;                )
OFFICER THURMOND RICHARDSON,    )
Individually and in his         )
Official Capacity;              )
OFFICER JONATHAN OVERLY,        )
Individually and in his         )
Official Capacity; and          )
OFFICER WILLIAM ACRED,          )
Individually and in his         )
Official Capacity,              )
                                )
     Defendants.                )
_____

                    REPORT AND RECOMMENDATION
_____
```

Before the court is defendant Shelby County's Motion for Judgment on the Pleadings. (ECF No. 31.) Plaintiffs April Malone and Celitria Watson responded in opposition. (ECF Nos. 43, 44 & 47.) Pursuant to Administrative Order No. 2013-05,

this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that Shelby County's motion be granted.

## I.    PROPOSED FINDINGS OF FACT

Plaintiffs' *pro se* complaint, filed on March 23, 2018, alleges that "[a]t some time prior to January 21, 2017, Plaintiffs' cell phones were the subject of a wiretap requested by Defendants, Hagerman, Scholefield and Scruggs." (ECF No. 1 at 3.) Plaintiffs state that the wiretap was premised on false information and that "the information was used to secure text messages from Plaintiffs' cell phones and then the text messages were altered or fabricated in order to make it appear that Plaintiffs were involved in criminal activity." (Id.) Plaintiffs assert that on this basis, they were indicted on January 31, 2017. However, after securing the original text messages from their respective cell phone companies, plaintiffs were able to "reveal several discrepancies in the messages and the dates and times sent" and that as a result, the criminal charges against them were ultimately dismissed. (Id. at 3-4.) Plaintiffs bring claims under the Tennessee Governmental Tort

Liability Act ("TGTLA"), 42 U.S.C. § 1983, the Tennessee Human Rights Act ("THRA"), and for fraudulent misrepresentation, negligence, malicious prosecution, false arrest and imprisonment, and intentional and negligent infliction of emotional distress.  (Id. at 4-10.)

Specifically relevant here, plaintiffs allege that "Shelby County is responsible for the administration and governance of the assistant district attorneys[]" and that defendants Hagerman, Scholefield, and Scruggs were assistant district attorneys "employed by the State of Tennessee District Attorney General's Office and Shelby County[.]"  (ECF No. 1 at 2.) Plaintiffs allege that Shelby County was negligent for failing "to provide adequate training or supervision" and for failing to "take remedial action and provide adequate training, supervision, or discipline for the assistant district attorneys and their failure was the proximate cause of Plaintiff's [sic] injuries."  (Id. at 7.)  Plaintiffs do not appear to assert any other claims against defendant Shelby County.

## II.  PROPOSED CONCLUSIONS OF LAW

"After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion under Rule 12(c) is reviewed

- 3 -

using the same standard as a motion to dismiss under Rule 12(b)(6). Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th Cir. 2009). "'When ruling on a defendant's motion to dismiss on the pleadings, a district court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" Engler v. Arnold, 862 F.3d 571, 574-75 (6th Cir. 2017) (quoting Kottmyer v. Maas, 436 F.3d 684, 689 (6th Cir. 2006)). To survive a Rule 12(c) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Engler, 862 F.3d at 575 (quoting Iqbal, 556 U.S. at 678). Thus, a Rule 12(c) motion must be "granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Taylor v. City of

- 4 -

Brownsville, No. 1:18-cv-02445-JDB-egb, 2018 WL 5850189, at *2 (W.D. Tenn. Nov. 8, 2018) (quoting JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 582 (6th Cir. 2007)).

Shelby County's Motion for Judgment on the Pleadings asserts that plaintiffs' only theory of recovery as to Shelby County is negligent failure to train or supervise defendants Hagerman, Scholefield, and Scruggs under the TGTLA. (ECF No. 31 at 2.) Shelby County argues that because these defendants were employed by the State of Tennessee and not Shelby County, Shelby County cannot be held liable under the TGTLA. (Id.) Shelby County further argues that plaintiffs' TGTLA claims are untimely. (Id. at 3.) In response, plaintiffs argue that if the assistant district attorneys "are paid out of the State of Tennessee budget and the Shelby County budget, . . . they are employed by the State of Tennessee and Shelby County. If they are employed by Shelby County, then Shelby County can be held liable for the negligence of their employees . . . ." (ECF No. 43 at 2.)

Plaintiffs' complaint only specifically lists Shelby County in a section titled "Negligence" generally; the complaint does not reference Shelby County in the section titled "Tennessee Governmental Tort Liability Act." (See ECF No. 1 at 4; 7-8.)

However, "[i]n Tennessee, the TGTLA is the exclusive remedy for claims against a governmental entity such as the City." Stewart v. City of Memphis, No. 2:16-cv-02574-STA-dkv, 2017 WL 627467, at *7 (W.D. Tenn. Feb. 15, 2017) (citing Austin v. Shelby County, 640 S.W.2d 282 (1982); Doyle v. Frost, 49 S.W.3d 853, 857 (Tenn. 2001)). "Under the TGTLA, the City 'is generally subject to suit for civil claims sounding in negligence with certain enumerated exceptions.'" Id. (quoting Campbell v. Anderson County, 695 F. Supp. 2d 764, 777 (E.D. Tenn. 2010)). But a municipality can only be liable under the TGTLA for the conduct of its own employees. Tenn. Code Ann. § 29-20-310(a) (stating that before holding a governmental entity liable for damages under the TGTLA, a court must "determine that the employee's or employees' act or acts were negligent and the proximate cause of plaintiff's injury" and "that the employee or employees acted within the scope of their employment"); see also Cherry v. Macon Hosp., Inc., 45 F. Supp. 3d 781, 788-89 (M.D. Tenn. 2014) (finding that state's 911 Board was not an "employer" of dispatchers under TGLTA because the Board did not engage the dispatchers, pay compensation or benefits, or direct their activities). In order for a person to be considered an employee of a particular governmental entity under the TGTLA,

- 6 -

the governmental entity in question must, *inter alia*, provide "all of such person's compensation directly" and act "under the control and direction of the governmental entity[.]" Tenn. Code. Ann. § 29-20-107(a).

The Office of the District Attorney General is a state entity. See Tenn. Code Ann. § 8-7-101, et seq.; see also Williams v. Stowe, No. 15-1186-JDT-egb, 2016 WL 11478279, at *2 (W.D. Tenn. Sept. 28, 2016), report and recommendation adopted at 2016 WL 6330576 (W.D. Tenn. Oct. 28, 2016). Assistant district attorneys in Tennessee are responsible for enforcing criminal laws on behalf of the state and are compensated, at least in part, by the state. See Tenn. Code Ann. § 103; Tenn. Code Ann. § 8-7-201. Assistant district attorneys are therefore state, not county, employees. See Tenn. Code Ann. § 8-42-101(3)(A); Burnes v. Smith, No. 3:18-cv-00608, 2018 WL 3472821, at *3 (M.D. Tenn. July 17, 2018) (noting that if named defendant was "an attorney employed by the State of Tennessee as an assistant district attorney general" prosecutorial immunity would apply in § 1983 suit); Williams, 2016 WL 11478279, at *2 (noting assistant district attorney is state employee); Milstead v. Bedford Cty. Sheriff's Dep't, No. 4:12–CV-52, 2014 WL 420395, at *6 (E.D. Tenn. Feb. 4, 2014) ("Defendants Assistant District

Attorneys . . . are state employees."); see also Cherry, 45 F. Supp. 3d at 877-89; cf. Cady v. Arenac County, 574 F.3d 334, 343 (6th Cir. 2009) (describing Michigan's statutory scheme and holding that county prosecuting attorneys there are state agents for § 1983 purposes).

Defendants Hagerman, Scholefield, and Scruggs were assistant district attorneys who at all relevant times were employed by the State of Tennessee. They received at least part of their compensation directly from the State of Tennessee and were mandated by law to prosecute crimes on behalf of the State of Tennessee. There is no indication that Shelby County controlled or directed their conduct. Accordingly, no plausible claim for negligence against Shelby County exists because plaintiffs have failed to name any Shelby County employees in their complaint. See Tenn. Code Ann. § 29-20-310(a). Construing the complaint in a light most favorable to plaintiffs, it does not appear that plaintiffs intended to assert (or could plausibly assert) any other claim against Shelby County. Therefore, no material issue of fact exists and Shelby County is entitled to judgment as a matter of law.[1] See Taylor, 2018 WL 5850189, at *2.

---

[1] Shelby County also asserts that plaintiffs' claims are time-barred. (ECF No. 31 at 8.) Claims brought under the TGTLA "must be commenced within twelve (12) months after the cause of

### III. RECOMMENDATION

For these reasons, the undersigned recommends that Shelby County's motion be granted.

Respectfully submitted,

---

action arises." Tenn. Code Ann. § 29-20-305(b); see also Buckner v. City of Memphis, No. 2:16-cv-2037-JTF-dkv, 2017 WL 607581, at *2 (W.D. Tenn. Feb. 15, 2017). "[A] cause of action 'arises' under the GTLA when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she sustained an injury as a result of the defendant's wrongful conduct." Sutton v. Barnes, 78 S.W.3d 908, 916 (Tenn. Ct. App. 2002) (citing Shadrick v. Coker, 963 S.W.2d 726, 733 (Tenn. 1998)). Plaintiffs' complaint states that the alleged wrongful indictment was secured on January 31, 2017. (ECF No. 1 at 4.) The complaint lacks additional details describing when plaintiffs discovered (or reasonably should have discovered) that the indictment was a result of wrongful conduct, but does note that only after securing the original text messages from their respective cell phone companies were plaintiffs able to "reveal several discrepancies in the messages and the dates and times sent" which, plaintiffs assert, resulted in dismissal of their criminal charges. (ECF No. 1 at 3.) In response to a separate motion filed by the City of Memphis, plaintiffs assert that their case was not dismissed until August 2017, which is when they allegedly became aware of their injury. (ECF No. 55 at 2-3.) The cause of action here could potentially arise as late as that discovery, because only then would plaintiffs have reason to know that their injury was sustained "as a result of the defendant's wrongful conduct." See Sutton, 78 S.W.3d at 916; see also Sam v. Sheriff's Office, St. Martin Parish, No. 6:12-cv-2825, 2013 WL 1289999, *2 (W.D. La. Feb. 25, 2013) (stating that plaintiff's false arrest occurred, at the latest, when her charges were dismissed), report and recommendation adopted at 2013 WL 1289162 (W.D. La. Mar. 27, 2013). Considering the court's recommendation above, however, the court does not reach the merits of this statute of limitations argument.

```
                              s/ Tu M. Pham
                              TU M. PHAM
                              United States Magistrate Judge

                              February 4, 2019
                              Date
```

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**