```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

```
APRIL MALONE and                )
CELITRIA WATSON,                )
                                )
     Plaintiffs,                )
                                )
v.                              )   No. 18-cv-2201-MSN-tmp
                                )
SHELBY COUNTY; PAUL HAGERMAN,   )
Assistant District Attorney,    )
Individually and in his         )
Official Capacity;              )
AUSTIN SCHOLEFIELD,             )
Individually and in his         )
Official Capacity;              )
CHRIS SCRUGGS, Individually     )
and in his Official Capacity;   )
CITY OF MEMPHIS;                )
OFFICER THURMOND RICHARDSON,    )
Individually and in his         )
Official Capacity;              )
OFFICER JONATHAN OVERLY,        )
Individually and in his         )
Official Capacity; and          )
OFFICER WILLIAM ACRED,          )
Individually and in his         )
Official Capacity,              )
                                )
     Defendants.                )
```
_____

## REPORT AND RECOMMENDATION
_____

Before the court is defendants Assistant District Attorney Paul Hagerman, Assistant District Attorney Austin Scofield, and Assistant District Attorney Chris Scruggs's (collectively, the "ADA Defendants") Motion to Dismiss. (ECF No. 77.)  Plaintiffs

April Malone and Celitria Watson responded in opposition. (ECF No. 78.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. For the following reasons, the undersigned recommends that the ADA Defendants' motion be granted.

## I. PROPOSED FINDINGS OF FACT

Plaintiffs' *pro se* complaint, filed on March 23, 2018, alleges that at some time prior to January 21, 2017, their cell phones were the subject of a wiretap requested by the ADA Defendants. (ECF No. 1 at 3.) Plaintiffs state that the wiretap was premised on information provided by Memphis Police Officers Thurmond Richardson, Jonathan Overly, and William Acred, that the information was "created, fabricated and/or altered" by these defendants, and that the information was used to secure text messages from plaintiffs' cell phones and then the text messages were altered or fabricated in order to make it appear that plaintiffs were involved in criminal activity. (Id.) Plaintiffs assert that on this basis, the ADA Defendants secured indictments against them on January 31, 2017. (Id. at 4.) After attending multiple court appearances, plaintiffs were

able to obtain the original text messages from their cell phone providers. (Id.) Plaintiffs identified "several discrepancies in the messages and the dates and times sent" and as a result, the criminal charges against them were ultimately dismissed. (Id. at 3-4.)

As to the ADA Defendants, plaintiffs specifically assert claims for fraudulent misrepresentation, negligence, malicious prosecution, false arrest and imprisonment, and intentional and negligent infliction of emotional distress, based on allegations that the ADA Defendants "knew or should have known when they presented the text messages, that they had been altered" and "never produced the original text messages produced from the respective cell phone companies, but only produced recreated copies of altered text messages produced by the Memphis Police Department." (Id. at 3-4.) Plaintiffs also allege the ADA Defendants failed to adequately review and investigate the evidence provided by the police officer defendants. (Id. at 8.) Plaintiffs allege that the ADA Defendants "while acting under color of state law, intentionally, recklessly and negligently violated [plaintiffs'] Constitutional rights in that they filed criminal charges against Plaintiffs knowing that there was no

legal basis[.]" (Id. at 9-10.) Plaintiffs seek compensatory and punitive damages. (Id. at 11.)

The ADA Defendants argue: (1) plaintiffs' service of process was deficient because they served a person other than the ADA Defendants who was not authorized to accept service on their behalf, they did not include a copy of the Complaint with the process materials, and they failed to timely serve the ADA Defendants; (2) plaintiffs waived their right to proceed in federal court by filing an identical action with the Tennessee Claims Commission; (3) sovereign immunity protects the ADA Defendants from suit and the ADA Defendants, sued in their official capacities, are not "persons" for § 1983 purposes; (4) absolute prosecutorial immunity protects the ADA Defendants from suit in their individual capacities; and (5) the court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims, and in the alternative, those claims are barred by sovereign immunity, state employee immunity, and prosecutorial immunity. (ECF No. 77 at 1-2.)

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   Service**

Federal Rule of Civil Procedure 4 establishes the procedural requirements for proper service. Proper service

- 4 -

requires both a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Individuals may be served in a judicial district of the United States by, *inter alia*, following state law, or by delivering the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(1); (2)(C). State governmental entities may be served by either delivering a copy of the summons and complaint to its chief executive officer or serving a copy of each in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). Under Tennessee state law, service by certified mail is authorized. Tenn. R. Civ. P. 4.04(10). Absent good cause, a defendant must be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Federal Rule of Civil Procedure 12(b)(5) provides a vehicle for challenging the mode of serving the summons and complaint.

The ADA Defendants argue that plaintiffs' service of process was ineffective because: (1) it was neither delivered to the ADA Defendants personally nor to a person authorized to receive service on their behalf, (2) it did not include a copy of the complaint, and (3) it was untimely. (ECF No. 77-1 at 4-7.) The court need not consider the first two arguments because good cause exists for extending the time for service. "[W]here

- 5 -

a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint." Lockhart v. Holiday Inn Exp. Southwind, 531 F. App'x 544, 549 (6th Cir. 2013) (quoting Donaldson v. United States, 35 F. App'x 184, 185 (6th Cir. 2002)). "Failure of the Clerk and the Marshals Service to accomplish their respective duties to issue and serve process for Plaintiff proceeding in forma pauperis automatically constitutes a showing of good cause under Rule 4." Garcia v. Rushing, No. 4:11CV00734, 2012 WL 646061, at *4 (N.D. Ohio Feb. 28, 2012) (citing Donaldson, 35 F. App'x at 185; Byrd v. Stone, 94 F.3d 217, 220 (6th Cir. 1996)).

Plaintiffs here are proceeding *in forma pauperis* and the court ordered the Clerk and U.S. Marshal to issue and effect service of process. (ECF No. 9.) Any deficiency in the method of service is therefore not attributable to plaintiffs.

**B.   Waiver**

Tennessee state law provides that:

> Claims against the state filed [with the Tennessee Claims Commission] shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or

- 6 -

> employee. The waiver is void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

Tenn. Code Ann. § 9-8-307(b).  "[W]here the plaintiff elects to sue the state before the Tennessee Claims Commission, he waives any cognate federal cause of action.'"  White v. Gerbitz, 860 F.2d 661, 662 (6th Cir. 1988); see also Eachus v. Haslam, No. 3:15-cv-944, 2016 WL 323675, at *5 (M.D. Tenn. Jan. 27, 2016); Stanfield v. Chitwood, No. 3:14-CV-165-TAV-CCS, 2015 WL 283822, at *2 (E.D. Tenn. Jan. 22, 2015).  Moreover, "[t]he statute provides that *filing* the claim activates the waiver, regardless of the subsequent disposition of the claim."  Haley v. Univ. of Tennessee-Knoxville, 188 S.W.3d 518, 524 (Tenn. 2006) (emphasis in original).  This is true "even if the claim is later voluntarily withdrawn or non-suited."  Id.; see also Laude v. Knowles, 549 F. App'x 311, 314 (6th Cir. 2013) (affirming dismissal of § 1983 suit even though claim before Tennessee Claims Commission was eventually dismissed for lack of subject matter jurisdiction); Setayesh v. Tydings, No. 3:18-cv-00335, 2019 WL 1460882, at *4-5 (M.D. Tenn. Apr. 2, 2019) (finding that claims in federal suit were waived where they were based on the same acts or omissions as claims before the Tennessee Claims

- 7 -

Commission); Waddle v. Comm'r, Tenn. Dep't of Corr., No. 3:15-01309, 2018 WL 2041601, at *2 (E.D. Mich. Apr. 30, 2018) (same).

The ADA Defendants attached to their motion to dismiss claims that plaintiffs filed with the Tennessee Claims Commission.[1] (ECF Nos. 77-5 & 77-6.) Plaintiffs acknowledge in their response that they "filed a complaint with the Tennessee Claims Commission in August 2018." (ECF No. 78 at 2.) Those claims generally allege that plaintiffs were arrested based on false evidence, including altered text messages, and that the plaintiffs were "framed" by, *inter alia*, the ADA Defendants. Thus, the claims before the Tennessee Claims Commission are based on the same acts or omissions as those alleged in the present suit. See Tenn. Code Ann. § 9-8-307(b). Plaintiffs have therefore waived any and all claims based on those actions by filing a claim with the Tennessee Claims Commission. The ADA Defendants' motion should be granted on this basis.

---

[1] In reviewing a motion to dismiss, the court may take judicial notice of other court proceedings that are matters of public record without invoking Federal Rule of Civil Procedure 12(d) and converting the motion to one for summary judgment. Watermark Senior Living Retirement Communities, Inc. v. Morrison Mgmt. Specialists, Inc., 905 F.3d 421, 425-26 (6th Cir. 2018) (quoting In re Omnicare, Inc. Sec. Litig., 769 F.3d 455, 466 (6th Cir. 2014)); see also Buck v. Thomas M. Cooley Law Sch., 597 F.3d 812, 816 (6th Cir. 2010). Neither party disputes that plaintiffs' filings with the Tennessee Claims Commission are a matter of public record, and the court may therefore take judicial notice of them.

**C.    Immunity**

The ADA Defendants should likewise be dismissed because they are immune from suit.  See Lamb v. Wallace, No. 16-6253, 2017 WL 3597004, at *1 (6th Cir. July 13, 2017); Smith v. Breen, No. 09-2770-STA-tmp, 2010 WL 2557447, at *11-12 (W.D. Tenn. June 21, 2010).  To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6).  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).  Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed.  Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011).  Even so, *pro se* litigants must adhere to the Federal

- 9 -

Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

### 1. Sovereign Immunity

The ADA Defendants retain sovereign immunity for any claims against them in their official capacities. The Eleventh Amendment provides, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. In other words, suits against a state or its agencies may not proceed in federal court except in certain circumstances. See Puckett v. Lexington-Fayette Urban Cty. Gov't, 833 F.3d 590, 598 (6th Cir. 2016). A suit against a state agency or an individual in his official capacity is a suit against the state itself. Puckett, 833 F.3d at 598; see also Boler v. Early, 865 F.3d 391, 410-11 (6th Cir. 2017). Sovereign immunity for state officials sued in their official capacity does not apply: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has

expressly abrogated the states' sovereign immunity, or (3) when the doctrine set forth in Ex Parte Young, 209 U.S. 123 (1908), applies. Boler, 865 F.3d at 411 (citing Puckett, 833 F.3d at 598).

No exceptions apply here. First, the ADA Defendants are state officials for purposes of sovereign immunity. See Tenn. Code Ann. § 8-7-201; Tenn. Code Ann. § 8-42-101(3)(A); see also Malone v. Shelby Cty., No. 18-cv-2201-MSN-tmp, 2019 WL 847747, at *2 (W.D. Tenn. Feb. 4, 2019), recommendation adopted at 2019 WL 847474 (Feb. 21, 2019). The State of Tennessee has not consented to this suit. See Tenn. Code. Ann. § 29-20-205 (expressly preserving sovereign immunity for any injuries that may arise out of an allegation of, *inter alia*, false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, or civil rights violations). Nor has Congress expressly abrogated the state's sovereign immunity. And because plaintiffs seek monetary relief, the Ex Parte Young exception does not apply. See Boler, 865 F.3d at 412.

To the extent plaintiffs allege claims against the ADA Defendants under § 1983, the ADA Defendants may not be held liable under that statute. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color

of state law deprived him of a right secured by the "Constitution and laws" of the United States. Bennett v. Washington, No. 17-2009, 2018 WL 4191336, at *2 (May 16, 2018) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005)). It is well-settled that "states and state officials sued in their official capacity are not considered 'persons' under § 1983 and, therefore, cannot be sued for money damages without the state's consent." Thomas v. Noder-Love, 621 F. App'x 825, 831 (6th Cir. 2015) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 71 (1989); Moore v. City of Harriman, 272 F.3d 769, 771 (6th Cir. 2001)). Any claims against the ADA Defendants in their official capacities should therefore be dismissed.

2. Prosecutorial Immunity

Plaintiffs do not specifically state if they are suing the ADA Defendants in their official or individual capacities. To the extent they intend to sue the ADA Defendants in their individual capacities, absolute prosecutorial immunity applies. "Absolute prosecutorial immunity shields prosecutors in § 1983 suits for individual damages when prosecutors act within the scope of their prosecutorial duties." Red Zone 12 LLC v. City

of Columbus, No. 18-3363, 2019 WL 852294, at *4 (6th Cir. Feb. 21, 2019) (citing Imbler v. Pachtman, 424 U.S. 409, 420 (1976)). "In determining whether an official is entitled to prosecutorial immunity, this court employs a 'functional approach' and looks to the 'nature of the function performed, not the identity of the actor who performed it.'" Id. (quoting Cooper v. Parrish, 203 F.3d 937, 944 (6th Cir. 2000)). Absolute immunity shields prosecutors when performing functions that are intimately associated with the judicial phase of the criminal process. Id.; see also Imbler, 424 U.S. at 430. The initiation and prosecution of a lawsuit on behalf of the government fall squarely within prosecutorial functions, as do actions that are preliminary to the initiation of a prosecution and apart from the courtroom, including improperly withholding or managing evidence. Red Zone 12 LLC, 2019 WL 852294, at *4. But "investigative" or "administrative" functions are more removed from the judicial process, and in those instances the prosecutor would only be protected by qualified immunity. Id. (citing Burns, 500 U.S. at 486). Activities that are investigative or administrative in nature and for which absolute prosecutorial immunity does not apply include "giving legal advice to police," "making out-of-court statements at a press conference," "making

- 13 -

statements in an affidavit supporting an application for an arrest warrant," and "authorizing warrantless wiretaps in the interest of national security." Koubriti v. Convertino, 593 F.3d 459, 467 (6th Cir. 2010) (citations and internal quotation marks omitted.) "Thus, '[t]he analytical key to prosecutorial immunity' is 'whether the actions in question are those of an advocate.'" Red Zone 12 LLC, 2019 WL 852294, at *4 (quoting Holloway v. Brush, 220 F.3d 767, 775 (6th Cir. 2000)). "Whether the prosecutor has an improper motive, acts in bad faith, or even acts in an unquestionably illegal manner is irrelevant." Id. (citing Cady v. Arenac County, 574 F.3d 334, 341 (6th Cir. 2009)).

Plaintiffs' complaint alleges that the ADA Defendants failed to adequately review and investigate the evidence provided by the police officer defendants, presented altered text messages and never produced the originals, and filed criminal charges against Plaintiffs knowing that there was no legal basis. At least one court in this district has held, under factually similar circumstances, that a claim for money damages based upon similar activities is barred by absolute prosecutorial immunity. See Watson v. City of Memphis, No. 16-2852-STA-egb, 2018 WL 3040580, at *2, 4 (W.D. Tenn. June 19,

2018) (Anderson, C.J.) (finding absolute prosecutorial immunity applied where complaint alleged prosecutor "knew that MPD falsified information and used illegal information to obtain the wiretap and pursued the prosecution against [plaintiff] anyway"); see also Buchanan v. Metz, 647 F. App'x 659, 668 (6th Cir. 2016) (affirming finding of absolute prosecutorial immunity because prosecutor was "acting within the scope of his duty when he initiated and pursued criminal prosecution"); Ireland v. Tunis, 113 F.3d 1435, 1443 (6th Cir. 1997) ("Absolute prosecutorial immunity will likewise attach to administrative or investigative acts necessary for a prosecutor to initiate or maintain the criminal prosecution."); Miller v. Montgomery County, No. 5:18-619-DCR, 2019 WL 499744, at *1, 3 (E.D. Ky. Feb. 8, 2019) (finding absolute prosecutorial immunity applied where prosecutor allegedly advised to destroy exculpatory material while defendant was in custody); Clifton v. Patrick, No. 1:17-cv-01035-STA-egb, 2018 WL 1278211, at *2 (W.D. Tenn. Mar. 12, 2018) ("Claims against a district attorney general in his individual capacity for actions taken in his role as prosecutor fail because he is entitled to prosecutorial immunity.") (citing Burns v. Reed, 500 U.S. 478, 486 (1991)); Smith, 2010 WL 2557447, at *11-12 (holding that "a prosecutor's

- 15 -

role in obtaining indictments is an integral part of the judicial process and, thus, protected by absolute immunity"). Plaintiffs' complaint does not allege that the ADA Defendants engaged in administrative or investigative conduct, removed from the duties of an advocate, such that suit would be appropriate. See generally Koubriti, 593 F.3d at 467. The ADA Defendants are therefore entitled to absolute prosecutorial immunity and any claims against them in their individual capacities should be dismissed.

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that the ADA Defendants' Motion to Dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 24, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**