# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DISTRICT

APRIL MALONE and
CELITRIA WATSON,

      Plaintiffs,

v.                                                                  No.  2:18-cv-02201-MSN-tmp

SHELBY COUNTY; PAUL HAGERMAN,
Assistant District Attorney, Individually
and in his Official Capacity; AUSTIN
SCOFIELD, Individually and in his
Official Capacity; CHRIS SCRUGGS,
Individually and in his Official Capacity;
CITY OF MEMPHIS; OFFICER
THURMOND RICHARDSON,
Individually and in his Official Capacity;
OFFICER JONATHAN OVERLY,
Individually and in his Official Capacity;
and OFFICER WILLIAM ACRED,
Individually and in his Official Capacity,

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation, filed April 24,

2019. (ECF No. 80.)  The report recommends that Assistant District Attorney Paul Hagerman,

Assistant District Attorney Austin Scofield, and Assistant District Attorney Chris Scruggs'

(collectively, the "ADA Defendants") Motion to Dismiss, (ECF No. 77), be granted.  (ECF No. 80

at Page ID 311–12.)  Plaintiffs filed "Plaintiffs' Appeal from Magistrate Judge's Order Dismissing

Complaint Against All Assistant District Attorneys" on May 6, 2019.  (ECF No. 78.)  Although

not labeled as an objection to the Magistrate Judge's report and recommendation, the Court will treat it as such and refer to the response as an objection.

For the following reasons, Plaintiffs' objection is **OVERRULED**. The report is **ADOPTED**. Plaintiffs' claims in this matter against the ADA Defendants are **DISMISSED WITH PREJUDICE**.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151. Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was

wrong and how de novo review will obtain a different result on that particular issue. *Howard v.
Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and
addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and
recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge,
the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc.
Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v.
United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *accord Equal Employment Opportunity
Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## ANALYSIS

Unfortunately, Plaintiffs' objection to the Magistrate Judge's report does not explain how
the report's analysis is wrong, why it was wrong, or how de novo review would result in a different
conclusion. Plaintiffs merely reiterate the points already made in their Complaint and response to
the ADA Defendants' motion to dismiss. *See Howard*, 932 F.2d at 509.

The Magistrate Judge found that Plaintiffs waived the claims against the ADA Defendants
in this matter because they filed this lawsuit in March 2018, prior to filing claims with the
Tennessee Claims Commission in August 2018.[1] (*See* ECF No. 80 at PageID 316–18.) Plaintiffs
acknowledged in their response to the ADA Defendants' motion that they "filed a complaint with
the Tennessee Claims Commission in August 2018." (ECF No. 78 at PageID 296). In their
objection to the Magistrate Judge's report, Plaintiffs reiterate that they "filed their lawsuit in March
2018, prior to filing anything with the Claims Commission." (ECF No. 82 at PageID 329.) The

---

[1] *See* Tenn. Code Ann. § 9-8-307(b).

Court, therefore, **ADOPTS** the Magistrate Judge's recommendation that the ADA Defendants' motion to dismiss be granted on this basis.

The Magistrate Judge also recommends that the ADA Defendants be dismissed because, in addition to the waiver discussed above, they are immune from suit. (*See* ECF No. 80 at PageID 319–26.) The report found that the ADA Defendants were immune from suit for any claims against them in their official capacities due to sovereign immunity.[2] (*Id.* at PageID 320–22.) The report also found that, although Plaintiffs do not state whether they are suing the ADA Defendants in their official or individual capacities, the ADA Defendants are entitled to absolute prosecutorial immunity to the extent that Plaintiffs assert any claims against them in their individual capacities. (*Id.* at PageID 322–26.) Plaintiffs fail to address sovereign immunity and prosecutorial immunity in their objection to the Magistrate Judge's report. (*See* ECF No. 81 PageID 330.) They instead say, "ADA Defendants are not immune from liability when they violate a person's due process rights," while citing to Eighth Circuit cases, but do not explain how that applies to their case or how the Magistrate Judge was wrong in the report. (*Id.*) As such, the Court **ADOPTS** the Magistrate Judge's recommendation that the Plaintiffs' claims against the ADA Defendants should likewise be dismissed because the ADA Defendants are immune from suit.

Because Plaintiffs' objection reiterates the claims presented to the Magistrate Judge and fails to sufficiently identify errors in the report, the Court may review the report for clear error. *See Verdone*, 2018 WL 1516918, at *2. The Court has reviewed the report for clear error and finds none. Accordingly, Plaintiffs' objection is **OVERRULED**.

---

[2] "To the extent plaintiffs allege claims against the ADA Defendants under § 1983, the ADA Defendants may not be held liable under that statute." 42 U.S.C. § 1983; (ECF No. 80 at PageID 321).

Plaintiffs filed a motion to amend complaint on March 1, 2019, that is still pending before this Court.[3] (ECF No. 74.) That motion only requests amendment to add "facts, previously unknown, which would clarify the City of Memphis's conduct for the 1983, Tennessee Government Tort Liability Act and negligence causes of action." (*Id.* at PageID 253.) Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." The Supreme Court has held that leave to amend should normally be granted unless there is some "apparent or declared reason" not to allow the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). One reason for not allowing an amendment is that the amendment would be futile. *Id.* "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

The Court finds that Plaintiffs' amendment would be futile as to the ADA Defendants. Plaintiffs' amendment would not address the claims against the ADA Defendants, but would address the claims against Defendant City of Memphis. Accordingly, Plaintiffs' proposed amendment is futile because after amendment, the claims against the ADA Defendants could not withstand a Rule 12(b)(6) motion to dismiss, and therefore, any request for leave to amend as to the claims against the ADA Defendants is **DENIED**.

On March 23, 2018, the Plaintiffs each filed a motion for leave to proceed *in forma pauperis*. (ECF Nos. 2, 3.) Title 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken

---

[3] The Plaintiffs' motion to amend does not mention the ADA Defendants and is in response to another report and recommendation addressing Defendant City of Memphis's motion to dismiss (ECF No. 50). This Court simply references that motion to amend here to make the record clear that if the Court grants Plaintiffs' motion to amend as to the claims against Defendant City of Memphis, Plaintiffs may not amend their claims as to the ADA Defendants because Plaintiffs did not seek to do so in their motion to amend or elsewhere.

*in forma pauperis* if the trial court certifies in writing that an appeal would not be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issues presented are frivolous. *Id.* The same considerations that led this Court to dismiss Plaintiffs' claims against the ADA Defendants also compel this Court to conclude that if Plaintiff appeals, then that appeal would not be taken in good faith.

For the same reasons that this Court is adopting the report and recommendation, overruling Plaintiffs' objection, and denying their request to amend their complaint as to the ADA Defendants, this Court **CERTIFIES** that an appeal as to the ADA Defendants would not be taken in good faith and that Plaintiffs may not proceed on appeal *in forma pauperis*.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's report and recommendation is **ADOPTED**. Plaintiffs' objection is **OVERRULED** and their motion to amend complaint is **DENIED** as to the ADA Defendants. The Court **CERTIFIES** that any appeal taken by Plaintiffs in this matter would not be taken in good faith and that Plaintiff may not proceed on appeal in forma pauperis. All of Plaintiff's claims against the ADA Defendants in this matter are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 7th day of August, 2019.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATE DISTRICT JUDGE