IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DISTRICT

APRIL MALONE and
CELITRIA WATSON,

    Plaintiffs,

v.                                        No. 2:18-cv-02201-MSN-tmp

SHELBY COUNTY; PAUL HAGERMAN,
Assistant District Attorney, Individually
and in his Official Capacity; AUSTIN
SCOFIELD, Individually and in his
Official Capacity; CHRIS SCRUGGS,
Individually and in his Official Capacity;
CITY OF MEMPHIS; OFFICER
THURMOND RICHARDSON,
Individually and in his Official Capacity;
OFFICER JONATHAN OVERLY,
Individually and in his Official Capacity;
and OFFICER WILLIAM ACRED,
Individually and in his Official Capacity,

    Defendants.

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF MEMPHIS' MOTION TO DISMISS, AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND COMPLAINT

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), filed February 21, 2019. (ECF No. 72) The Report recommends that Defendant City of Memphis' Motion to Dismiss for Failure to State a Claim (ECF No. 50) be granted. (ECF No. 72 at Page ID 227.) Plaintiffs filed their "Appeal of Magistrate Judge Decision" on March 1, 2019. (ECF No. 75.) Although not labeled as an objection to the Magistrate Judge's Report, the Court will treat it as such and refer to the response as an objection. Plaintiffs also filed a "Motion to Amend

Complaint and Stay Ruling on Motion to Dismiss City of Memphis [*sic*] Until After Amended Complaint," filed on March 1, 2019. (ECF No. 74.)

For the following reasons, the Report is **ADOPTED IN PART**. Defendant City of Memphis' Motion to Dismiss is **GRANTED** as to the claims arising under the Tennessee Government Tort Liability Act ("TGTLA") and Tennessee Human Rights Act ("THRA") and **DENIED** without prejudice as to the claims arising under 42 U.S.C. § 1983 ("§ 1983 claims"). Plaintiffs' Motion to Amend Complaint is **GRANTED** to allow Plaintiffs to amend their § 1983 claims to add facts that "Plaintiffs have become aware of . . . which would clarify the City of Memphis' conduct," (ECF No. 74 at PageID 253), but **DENIED** as to the claims arising under the TGTLA and THRA.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151. Objections to any part of a magistrate judge's disposition "must be clear enough to enable the

district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how de novo review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *accord Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **ANALYSIS**

Plaintiffs' objection to the Report does not explain how the Report's analysis is wrong, why it was wrong, or how de novo review would result in a different conclusion. *See Howard*, 932 F.2d at 509. In their objection, Plaintiffs reiterate the standard for motions to dismiss and "make[] an appeal of the [Report] . . . and ask this Court to allow Plaintiffs to amend their complaint before ruling on the Motion to Dismiss by the City of Memphis."[1] (ECF No. 75 at PageID 256.)

---

[1] This request to amend their complaint in their objection to the Magistrate Judge's Report is in addition to Plaintiffs' motion to amend complaint, filed on the same day as their objection. (*See* ECF No. 74.)

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." The Supreme Court has held that leave to amend should normally be granted unless there is some "apparent or declared reason" not to allow the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). One reason for not allowing an amendment is that the amendment would be futile. *Id.* "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

The Report found that Plaintiffs' § 1983 claims lacked sufficient facts to state claims that are plausible on their face and recommended that Defendant City of Memphis' motion be granted, dismissing any §1983 claims against Defendant City of Memphis. (ECF No. 72 at PageID 245–46.) Here, it is unknown whether Plaintiffs' amendment to their complaint would be futile because they did not go into detail about what facts will be added. Defendant City of Memphis has not responded to Plaintiffs' motion. Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave when justice so requires." Additionally, the Scheduling Order lists March 27, 2019, as the deadline for motions to amend pleadings, and Plaintiffs did seek to amend their complaint with this Court prior to that deadline. As such, the Court will give Plaintiffs a chance to add factual support to their § 1983 claims because a lack of factual support is why the Report recommends dismissing these claims. Defendant City of Memphis' Motion to Dismiss is **DENIED** without prejudice as to the § 1983 claims at this time. Defendant City of Memphis may move to dismiss these claims after the amended complaint is filed if the claims' newly-added facts do not state a claim on which relief may be granted.

In reading the complaint in the light most favorable to Plaintiffs, the Magistrate Judge was unable to identify any plausible tort claims against Defendant City of Memphis for which the TGTLA exemptions would not apply and found that Defendant City of Memphis was immune from suit for the negligence claims under the TGTLA. (*Id.* at PageID 247–48.) As to the THRA claim, the Report found that Plaintiffs failed to state a claim for relief because there was no indication that Plaintiffs are or were employed by the City. (*Id.* at PageID 248–49.) Plaintiffs failed to respond to the Report's recommendation that the TGTLA and THRA claims be dismissed, *see Verdone*, 2018 WL 1516918, at *2, other than seeking to add additional facts to the complaint; however, any amendment with additional facts would be futile for the claims arising under TGTLA. Plaintiffs also fail to mention any THRA claim in their motion seeking to amend their complaint and do not address the THRA at all in their objection.

Because Plaintiffs do not raise any legal objection for the claims arising under the TGTLA and THRA, the Court reviews the Report for clear error. The Court has reviewed the report for clear error and finds none. Accordingly, Plaintiffs' objection as to the claims arising under the TGTLA and THRA is **OVERRULED** and Plaintiffs' Motion to Amend Complaint is **DENIED** for those claims. The Court **ADOPTS** the Magistrate Judge's Report as to the claims arising under the TGTLA and THRA and **GRANTS** Defendant City of Memphis' Motion to Dismiss as to those claims.

The Court **GRANTS IN PART** Plaintiffs' Motion to Amend Complaint to allow additional facts to be added to the claims arising under § 1983. It is **ORDERED**:

1. Plaintiffs shall file their First Amended Complaint on or before August 16, 2018.

2. Plaintiffs shall only be allowed to add facts regarding Defendant City of Memphis and regarding the § 1983 claims. Plaintiffs have not sought to add any additional facts addressing any other Defendants.

3. Defendant City of Memphis may file another motion to dismiss addressing the § 1983 claims after the complaint is amended.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's report and recommendation is **ADOPTED IN PART**. Plaintiffs' objection is **OVERRULED** and their Motion to Amend Complaint is **GRANTED IN PART** to only allow additional facts to be added to the claims arising under § 1983. Defendant City of Memphis' Motion to Dismiss is **DENIED** at this time as to the § 1983 claims and **GRANTED** as to the claims arising under the TGTLA and THRA. Plaintiff's claims arising under the TGTLA and THRA in this matter are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 8th day of August, 2019.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATE DISTRICT JUDGE