IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| APRIL MALONE and | ) | |
| CELITRIA WATSON, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| v. | ) | No. 18-cv-2201-MSN-tmp |
| | ) | |
| CITY OF MEMPHIS; OFFICER THERMAN | ) | |
| RICHARDSON, Individually and in his Official | ) | |
| Capacity; OFFICER JOHNATHAN OVERLY, | ) | |
| Individually and in his Official Capacity; and | ) | |
| OFFICER WILLIAM ACRED, Individually and | ) | |
| In his Official Capacity, | ) | |
| | ) | |
|     Defendants. | ) | |

ANSWER TO AMENDED COMPLAINT BY
DEFENDANT OFFICER THERMAN RICHARDSON

COMES NOW, Defendant Officer Therman Richardson, individually through Counsel, and responds to the Amended Complaint filed in this cause, as follows:

AFFIRMATIVE DEFENSES

1. The Plaintiffs' Complaint fails to state a claim on which relief can be granted and Officer Richardson moves that it be dismissed forthwith;

2. Officer Richardson affirmatively pleads all applicable federal and state statutes of limitations;

3. Plaintiffs' claims are barred under the doctrine of laches, waiver, estoppel, and the doctrine of unclean hands;

4. Officer Richardson disputes that he was properly served in this action within the requisite time period;

5. Officer Richardson contends that Plaintiffs are not entitled to any recovery. However, even under all of the facts and circumstances set forth in the Plaintiffs' Complaint, recovery by Plaintiffs against Officer Richardson would be limited to nominal damages;

6. Plaintiffs' own conduct constituted the sole proximate cause of any injuries allegedly sustained and of any damages allegedly resulting therefrom, and as a result Plaintiffs are barred from recovery;

7. Plaintiffs' constitutional rights were not violated;

8. Officer Richardson submits that he is entitled to the defense of Qualified Immunity in that at all times his actions:

    a. Were taken within the course and scope of employment;

    b. Were taken in good faith and with reasonable and probable cause under the circumstances;

    c. Were in accordance with those of an objectively reasonable officer charged with the duty to protect himself, his partners, and others; and,

    d. Were taken pursuant to and in accordance with the Constitution and laws of the United States and the State of Tennessee.

    Officer Richardson requests that Plaintiffs be compelled to file a Rule 7 reply to the above and foregoing affirmative matters of Qualified Immunity, averring "specific non-conclusory factual allegations" that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Officer Richardson. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); Fed. R. Civ. P. 7.

9. Plaintiffs did not suffer damages for which they are entitled to relief;

10. Officer Richardson submits that pursuant to 42 U.S.C. § 1988 as well as the 2016 amendment to the Tennessee Governmental Torts Liability Act as set forth in T.C.A. 29-20-113, he would be entitled to recover the reasonable attorneys' fees and costs incurred in defending this claim should he prevail in this action brought against him in his individual capacity.

11. Officer Richardson reserves the right to raise any additional affirmative defenses that he may have following the completion of discovery herein and/or to amend these affirmative defenses as otherwise allowed by law.

## ANSWER TO AMENDED COMPLAINT

### FACTS

1. The allegations as set forth in Paragraph 1 of Plaintiffs' Amended Complaint are denied.

2. The allegations as set forth in Paragraph 2 of Plaintiffs' Amended Complaint are denied.

3. Defendant Officer Richardson is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 3 of Plaintiffs' Amended Complaint, and therefore denies the same.

4. The allegations as set forth in Paragraph 4 of Plaintiffs' Amended Complaint are denied.

5. The allegations as set forth in Paragraph 5 of Plaintiffs' Amended Complaint are denied.

6. Officer Richardson is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 6 of Plaintiffs' Amended Complaint, and therefore denies the same.

7. Officer Richardson is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 7 of Plaintiffs' Amended Complaint, and therefore denies the same.

8. Officer Richardson is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 8 of Plaintiffs' Amended Complaint, and therefore denies the same

9. The allegations as set forth in Paragraph 9 of Plaintiffs' Amended Complaint are denied.

10. The allegations as set forth in Paragraph 10 of Plaintiffs' Amended Complaint are denied.

11. The allegations as set forth in Paragraph 11 of Plaintiffs' Amended Complaint are denied.

12. The allegations as set forth in Paragraph 12 of Plaintiffs' Amended Complaint are denied.

13. The allegations as set forth in Paragraph 13 of Plaintiffs' Amended Complaint are denied.

TENNESSEE GOVERNMENTAL TORT LIABILITY ACT

14. To the extent that Paragraphs 1-68 of Plaintiffs' previous Complaint, including any and all allegations and legal bases and/or conclusions previously made in the previous Complaint, have been either admitted or denied, those responses are hereby incorporated by reference.

15. Defendant Officer would submit that the law set forth in T.CA. 29-20-20(a)s speaks for itself. Any remaining allegations as set forth in Paragraph 15 of Plaintiffs' Amended Complaint are denied.

16. The allegations as set forth in Paragraph 16 of Plaintiffs' Amended Complaint are denied.

42 U.S.C. § 1983 AND VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT

17. To the extent that Paragraphs 1-68 of Plaintiffs' previous Complaint, including any and all allegations and legal bases and/or conclusions previously made in the previous Complaint, have been either admitted or denied, those responses are hereby incorporated by reference.

18. The allegations as set forth in Paragraph 18 of Plaintiffs' Amended Complaint are denied.

19. The allegations as set forth in Paragraph 19 of Plaintiffs' Amended Complaint are denied.

20. The allegations as set forth in Paragraph 20 of Plaintiffs' Amended Complaint are denied.

21. The allegations as set forth in Paragraph 21 of Plaintiffs' Amended Complaint are denied.

22. The allegations as set forth in Paragraph 22 of Plaintiffs' Amended Complaint are denied.

23. The allegations as set forth in Paragraph 23 of Plaintiffs' Amended Complaint are denied.

## NEGLIGENCE

24. To the extent that Paragraphs 1-68 of Plaintiffs' previous Complaint, including any and all allegations and legal bases and/or conclusions previously made in the previous Complaint, have been either admitted or denied, those responses are hereby incorporated by reference.

25. The allegations as set forth in Paragraph 25 of Plaintiffs' Amended Complaint are denied.

26. The allegations as set forth in Paragraph 26 of Plaintiffs' Amended Complaint are denied.

27. The allegations as set forth in Paragraph 27 of Plaintiffs' Amended Complaint are denied.

28. The allegations as set forth in Paragraph 28 of Plaintiffs' Amended Complaint are denied.

## MALICIOUS PROSECUTION

29. To the extent that Paragraphs 1-68 of Plaintiffs' previous Complaint, including any and all allegations and legal bases and/or conclusions previously made in the previous Complaint, have been either admitted or denied, those responses are hereby incorporated by reference.

30. The allegations as set forth in Paragraph 30 of Plaintiffs' Amended Complaint are denied.

31. The allegations as set forth in Paragraph 31 of Plaintiffs' Amended Complaint are denied.

32. The allegations as set forth in Paragraph 32 of Plaintiffs' Amended Complaint are denied.

33. The allegations as set forth in Paragraph 33 of Plaintiffs' Amended Complaint are denied.

34. The allegations as set forth in Paragraph 34 of Plaintiffs' Amended Complaint are denied

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

35. To the extent that Paragraphs 1-68 of Plaintiffs' previous Complaint, including any and all allegations and legal bases and/or conclusions previously made in the previous Complaint, have been either admitted or denied, those responses are hereby incorporated by reference.

36. The allegations as set forth in Paragraph 36 of Plaintiffs' Amended Complaint are denied.

## DAMAGES

37. Officer Richardson denies that Plaintiffs have suffered any damages as a direct and proximate result of his actions.

38. Officer Richardson hereby denies any allegations not previously admitted or denied.

39. Officer Richardson denies Plaintiffs are entitled to any of the relief requested in their "Relief Sought" section.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Officer Richardson respectfully requests that:

1. This Court dismiss Plaintiffs' Amended Complaint with prejudice, based upon each and every aforesaid Affirmative Defenses;

2. This Court deny Plaintiffs the relief prayed for in their request for relief, and that Plaintiffs be denied any relief whatsoever;

3. Plaintiffs be compelled to file a Rule 7 reply to the above and foregoing affirmative matters of Qualified Immunity, averring "specific non-conclusory factual allegations" that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Officer Richardson. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); Fed.R.Civ.P.; and,

4.  In conjunction with the dismissal of Plaintiffs' Amended Complaint with prejudice, Officer Richardson be awarded and recover from Plaintiffs costs, attorney's fees and expenses in association with the defense of the instant civil action against Officer Richardson individually, on the ground that said Amended Complaint is legally and factually unsupportable, and has been filed without substantial justification and/or without an arguable basis in law, and that such sanctions be imposed pursuant to Rule 11, Fed.R.Civ.P. and/or that Officer Richardson be awarded costs and attorney's fees pursuant to 42 U.S.C. § 1988 and T.C.A. 29-20-113, as this Court may deem appropriate.

Respectfully submitted,

s/ Betsy Bartlett McKinney
BETSY BARTLETT MCKINNEY, Bar No. 21597
DEBORAH GODWIN, Bar No. 9972
Attorneys for Defendant Officer Richardson Individually
Godwin, Morris, Laurenzi & Bloomfield, PC
50 North Front Street, Suite 800
Memphis, Tennessee 38103
Tel:  901-528-1702
Fax:  901-528-0246
Email: bmckinney@gmlblaw.com
          dgodwin@gmlblaw.com

## CERTIFICATE OF SERVICE

I, Betsy McKinney, hereby certify that on August 23, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, a notice of electronic filing will be sent to all registered parties in this case.

I further certify that on August 23, 2019, the non-CM/ECF participants who would require service by mail in this case are:

| | |
|---|---|
| April Malone | Celitria Watson |
| 4456 Riche Road | P. O. Box 1332 |
| Memphis,TN 38128 | Cordova, TN 38008 |
| *Pro Se Plaintiff* | *Pro Se Plaintiff* |

 /s/ Betsy Bartlett McKinney
BETSY BARTLETT MCKINNEY