IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| APRIL MALONE and ) | | |
| CELITRIA WATSON ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 18-2201-MSN-tmp | |
| ) | | |
| CITY OF MEMPHIS, ) | | |
| THURMOND RICHARDSON, ) | | |
| and JONATHAN OVERLY ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO COMPEL**

Before the court is April Malone and Celitria Watson's motion to compel discovery responses from Thurmond Richardson[1] and Jonathan Overly.[2] (ECF No. 129.) For the reasons outlined below, the motion to compel is GRANTED in part and DENIED in part.

**I.    BACKGROUND**

---

[1] In his briefing and answer, Richardson spells his first name as "Therman." (ECF No. 131.) Richardson's name is spelled as "Thurmond" in the case caption, original complaint, and amended complaint. (ECF Nos. 1 & 106.) In their briefing, Malone and Watson spell the officer's first name as "Thermond." (ECF No. 129.) For purposes of the present motion, the court adopts the spelling from the case caption. If this spelling is incorrect, the court invites Richardson to move to correct the case caption.

[2] The City of Memphis is also listed as a target of this motion to compel. However, Malone and Watson's motion only discusses purported deficiencies in Richardson and Overly's responses to discovery propounded upon them in their individual capacities. Given this, the court construes the motion as being against Richardson and Overly in their individual capacities.

This is a federal civil rights lawsuit brought against the City of Memphis and Memphis police officers Richardson and Overly. (ECF No. 106.) Malone and Watson allege that the City of Memphis provided Richardson and Overly with a cell-site simulator commonly known as a "Stingray" device. (ECF No. 106 at 1.) Malone and Watson further allege that the City did not establish any procedures for when officers could use the Stingray device, provided no training about when use of a Stingray device would be lawful, and failed to monitor police use of the Stingray device. (Id. at 2.) Malone and Watson allege that Richardson and Overly used the Stingray device to monitor their text messages without a warrant. (Id. at 2-3.) After monitoring the text messages, the complaint alleges that the officers altered those messages to make it appear that Malone and Watson were engaged in criminal activity.[3] (ECF No. 1 at 2.) Malone and Watson allege that the officers then used the fabricated text

---

[3] Or, at least, this is how the court understands the allegations. There is some ambiguity about whether Malone and Watson are still alleging this. In their original complaint, Malone and Watson alleged that Richardson and Overly altered their text messages, but did not include allegations about a Stingray device. (ECF No. 1.) In their amended complaint, Malone and Watson add allegations about a Stingray device, but did not reincorporate the allegations about falsification of the text messages. With that said, some of the claims brought by Malone and Watson do not make sense without an allegation of evidence tampering and Malone and Watson have continued to seek discovery consistent with their evidence tampering theory. None of the parties have raised this issue in their briefing. For the limited purposes of this motion only, and consistent with the *pro se* pleading standard, the court treats both sets of allegations as operative.

messages to persuade prosecutors to obtain a search warrant for Malone and Watson's phone records and to bring felony charges against them. (ECF No. 1 at 2; ECF No. 106 at 2.) Malone and Watson allege those charges were dismissed after they discovered the alterations to the text messages. (Id.) The City and the officers deny these allegations. (ECF Nos. 106, 110, & 111.)

On August 9, 2019, Malone and Watson propounded their first set of requests for production and interrogatories on Richardson and Overly.[4] Richardson and Overly objected to every request for production on two grounds. First, the officers argued, lightly paraphrased, that the requests were disproportionate to the needs of the case. Second, the officers argued that the documents requested were not within Richardson and Overly's "possession, custody, or control" within the meaning of Federal Rule of Civil Procedure 34 because Memphis police policy prohibits officers from using police files for personal reasons. The officers also objected to most of the propounded interrogatories on proportionality grounds. However, despite objection, the officers substantively responded to some of the disputed interrogatories. The officers responded to Interrogatories 2, 3, 4, 11, and 14 by providing a partial written answer and then referring Malone and Watson under

---

[4]The requests were propounded on each officer separately. However, the requests are substantively the same, and the officers — each represented by the same counsel — responded identically to each question.

Federal Rule of Civil Procedure 33(d) to "the complete records and materials provided to them in discovery in their criminal cases, as well as documents within the custody and control of Defendant City of Memphis."[5] The officers responded to Interrogatories 5, 6, 7, 8, and 15 without any written answer beyond a referral to the discovery in the criminal case and City records. The officers answered Interrogatories 1, 9, 12, and 13 by providing a full written answer.

On December 13, 2019, Malone and Watson propounded a set of requests for admission on Richardson and Overly. Richardson and Overly objected that the requests for admission were untimely because the scheduling order requires requests for admission to be propounded 45 days before "the written discovery deadline" and the requests were propounded less than 45 days before the close of discovery. (ECF Nos. 66 & 131.)

On January 13, 2020, Malone and Watson filed this motion. (ECF No. 129.) Malone and Watson seek an order compelling responses from Richardson and Overly to their requests for production and interrogatories. They also seek an order deeming their requests

---

[5]There are minor variations on the quoted language in the interrogatory responses. Sometimes, Richardson and Overly referred the plaintiffs just to the discovery in their criminal case, at other times, just to documents possessed by the City of Memphis.

for admission to have been admitted based on Richardson and Overly's failure to respond. See Fed. R. Civ. P. 36(a)(3).

## II. ANALYSIS

### A. Scope of Discovery

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obliged to demonstrate relevance. Beijing Fito Med. Co., Ltd. v. Wright Med. Tech., Inc., No. 2:15-CV-2258-JPM-egb, 2017 WL 5177643, at *2 (W.D. Tenn. Apr. 20, 2017). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6)

"whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**B.   Requests for Production**

Richardson and Overly argue that they do not have "possession, custody, or control" of police investigative records for purposes of Federal Rule of Civil Procedure 34 because police policy prohibits them from accessing police files for personal use. Richardson and Overly also argue that the sought-after discovery is not proportional to the needs of the case because the City of Memphis has already produced all of the documents that would be responsive to the requests for production directed at Richardson and Overly. Richardson and Overly represent that there "are no further documents to produce" and that "[d]efendants cannot produce that which does not exist."[6] (ECF No. 131 at 6.)

Regardless of whether Richardson and Overly have "possession, custody, or control" of investigative records within the meaning of Rule 34, there is no apparent reason why this discovery is

---

[6]Richardson and Overly also observe that Malone and Watson did not include a certificate of consultation in their motion, as required by the local rules. See LR 7.2(a)(1)(B). It is possible that the officers are arguing by implication that the motion should be denied entirely on this ground. But, as Richardson and Overly discuss at length, the parties did attempt to resolve this dispute through consultation before the motion was filed. Richardson and Overly are thus not prejudiced by the failure to include a certificate of consultation. The court declines to deny the motion on this ground.

proportional to the needs of the case. The City of Memphis has turned over thousands of pages of investigative documents to Malone and Watson, which would appear to cover all of the subjects identified in the disputed Requests for Production. (ECF No. 131-5.) Malone and Watson have not identified any reason why this production does not give them everything they have asked for from Richardson and Overly. The scope of discovery is broad, but it is not so broad as to allow a party to demand the same documents twice. The motion to compel is DENIED with respect to Malone and Watson's first set of requests for production.

**C.   Interrogatories**

As an initial matter, the court notes that Malone and Watson claim that Richardson and Overly did not respond to any interrogatories in their motion to compel. This is inaccurate; Richardson and Overly responded to Interrogatories 1, 9, 12, and 13 fully without objection. The motion to compel is thus DENIED with respect to those interrogatories.

Moving to the disputed interrogatories, Richardson and Overly argue that they have properly responded to each disputed interrogatory by invoking Rule 33(d)'s option to produce business records in lieu of providing a written answer. In addition, Richardson and Overly argue that the disputed interrogatories are not proportional to the needs of the case or are otherwise improper.

In certain circumstances, Rule 33(d) gives a party an option to produce business records in lieu of giving a written answer to an interrogatory. Fed. R. Civ. P. 33(d). Unsurprisingly, a party cannot simultaneously refuse to produce business records and refuse to answer written interrogatories by invoking Rule 33(d)'s option to produce business records. See, e.g., Blake Assocs., Inc. v. Omni Spectra, Inc., 118 F.R.D. 283, 290 (D. Mass. 1988) ("It does not take a great deal of cognitive thinking to realize that it is improper to invoke [the business records option] in answer to interrogatories and then claim that some or all of the documents containing the information are privileged and not subject to disclosure."). Richardson and Overly have refused to provide the requested records. Likewise, "[a] party that attempts to rely upon Rule 33(d) with a mere general reference to a mass of documents or records has not adequately responded." Myers v. Anthem Life Ins. Co., 316 F.R.D. 186, 200 (W.D. Ky. 2016). None of Richardson and Overly's responses are sufficiently specific enough so as to "permit the requesting party to locate and identify [the responsive information] as easily as the responding party itself could." Mullins v. Prudential Ins. Co. of Am., 267 F.R.D. 504, 514–15 (W.D. Ky. 2010). Richardson and Overly have thus not properly invoked Rule 33(d).

Furthermore, most of the officers' objections to the disputed interrogatories do not appear to be justified. Some are, such as

Interrogatories 3 and 8, which appear to be duplicative of Interrogatory 2 and are thus disproportionate.[7] Similarly, Interrogatory 11 appears to ask four separate and distinct questions and is thus improperly compound. See Mullins v. Prudential Ins. Co. of Am., 267 F.R.D. 504, 516 (W.D. Ky. 2010). The motion to compel is thus DENIED with respect to those interrogatories. But the other interrogatories all appear to be appropriate, relevant, and proportional. Most are focused on the specific events of the investigation of Malone and Watson. Those few interrogatories that are not nonetheless ask specific questions about relevant subjects. For example, Interrogatory 6 asks Richardson and Overly to describe the training they received in surveillance over the past seven years. Malone and Watson are alleging that the City of Memphis failed to appropriately train its officers on surveillance techniques. What training Richardson and Overly received on surveillance is relevant to that claim and

---

[7] Interrogatory 3 is also improper because it asks Richardson and Overly to identify the "knowledge of the facts and circumstances" other people have of the investigation into Malone and Watson. This is an unreasonable inquiry. This is so broadly worded as to be disproportionate to the needs of the case. Likewise, Interrogatory 8 is also improper because it asks for the production of documents in addition to a written response. Though responding parties may sometimes elect to provide documents in response to an interrogatory, requests for production, not interrogatories, are the appropriate discovery tool to request documents. See BNSF Ry. Co. v. Lafarge Sw., Inc., No. CIV 06-1076 MCA/LFG, 2008 WL 11322949, at *2 (D.N.M. May 9, 2008). Those aspects of both interrogatories that are not improper are covered by the broader language of Interrogatory 2.

asking them about their training is the most natural way of discovering that information. The remaining disputed interrogatory requests are proportional.

That Malone and Watson might be able to figure out some of the information they seek from Richardson and Overly by examining the documents they have been provided by the City does not make these interrogatories disproportionate. "The various methods of discovery as provided for in the Rules are clearly intended to be cumulative, as opposed to alternative or mutually exclusive." In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig., No. 17-MD-2785-DDC-tjj, 2018 WL 6061669, at *2 n.2 (D. Kan. Nov. 19, 2018) (internal quotations, citations, and alterations omitted). This is particularly true where, as here, interrogatory responses may clarify information from the document discovery. See id. at *2. Though there may be circumstances where document production eliminates the need for interrogatory responses, Richardson and Overly have not shown that is the case here.

Richardson and Overly also object on the grounds they may not know or be able to remember information responsive to Interrogatories 5, 6, and 10.[8] For Interrogatories 6 and 10, this

---

[8]Richardson and Overly raised this argument in a letter to Malone and Watson they attached to their brief, and not in their formal responses to the interrogatories or in the body of their brief in response to the motion to compel. As a result, it is somewhat

argument appears to be based on a mistaken understanding of the scope of the interrogatories.[9] But even if Richardson and Overly do not know or have the ability to recall answers to these interrogatories, "[l]ack of knowledge or the ability to recollect is, if true, a fair answer" to an interrogatory. Mohnsam v. Nemes, No. 3:17-CV-427-CRS-CHL, 2019 WL 3307233, at *4 (W.D. Ky. July 23, 2019) (quoting Weaver v. Mateer & Herbet, P.A., 277 F.R.D. 655, 658 (M.D. Fla. 2011)). This rule has limits — parties must make a reasonable effort to answer interrogatories, including reviewing information available to them. Weimar v. Geico Advantage Ins. Co., No. 19-2698-JTF-tmp, 2020 WL 249992, at *4 (W.D. Tenn. Jan. 16, 2020). However, because lack of knowledge is a valid answer, a party cannot object to an interrogatory on the grounds he or she

---

unclear if the officers intend to raise this argument before this court. The court addresses the argument for the sake of completeness.

[9] Richardson and Overly appear to believe Interrogatory 6 requires them to describe "all of the training they have received throughout their employment with the City of Memphis[.]" It does not; Interrogatory 6 only asks about surveillance training in the last seven years. Similarly, Richardson and Overly appear to believe Interrogatory 10 asks them to describe all of the City of Memphis's police procedures. But Interrogatory 10 asks only about those procedures "for the requesting of a court order for the use of surveillance equipment or devices." Given that in the same letter Richardson and Overly represent that there were no deviations from standard police procedures regarding surveillance in Malone and Watson's case, it seems reasonable to think Richardson and Overly can describe standard police procedures for requesting court-ordered surveillance.

may not know the answer. The court GRANTS the motion to compel with respect to Interrogatories 2, 4, 5, 6, 7, 14, and 15.

**D.   Requests for Admission**

Malone and Watson move for the court to deem the requests for admission propounded on Richardson and Overly admitted. Richardson and Overly argue the requests are untimely.

The scheduling order specifies that requests for admission need to be propounded at least 45 days before the close of "the written discovery deadline[.]" The scheduling order does not expressly set a written discovery deadline. It instead sets the same single date as the deadline for "completing all discovery," "document production and interrogatories," and "depositions and requests for admissions[.]" (ECF No. 66.) As such, the "written discovery deadline" is the final discovery deadline. Originally, that deadline was July 31, 2019. (Id.) But the discovery deadline has since been extended several times and is currently January 23, 2020. (ECF No. 125.) The requests for admission were served on December 13, 2019. (ECF No. 129.) There are less than 45 days between December 13, 2019, and January 23, 2020. The requests for admission are thus not timely. The motion to compel is DENIED with respect to the requests for admission.

### III. CONCLUSION

For the reasons above, the motion to compel is GRANTED in part and DENIED in part. To the extent the motion is granted,

Richardson and Overly shall respond within twenty days of entry of this order.

IT IS SO ORDERED.

s/ Tu M. Pham  
TU M. PHAM  
United States Magistrate Judge

January 28, 2020  
Date