# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| APRIL MALONE and  <br> CELITRIA WATSON  <br>  <br>     Plaintiffs,  <br>  <br> v.  <br>  <br> CITY OF MEMPHIS,  <br> THURMOND RICHARDSON,  <br> and JONATHAN OVERLY  <br>  <br>     Defendants. | )  <br> )  <br> )  <br> )  <br> )  <br> )  <br> )  <br> )  <br> )  <br> )  <br> )  <br> )  <br> ) | No. 18-2201-MSN-tmp |

## ORDER DENYING PLAINTIFFS' MOTION FOR REVISION

Before the court is April Malone and Celitria Watson's "Response to Document 133 Order." (ECF No. 138.) This response is purportedly brought under Rules 59 and 60 of the Federal Rules of Civil Procedure. However, both of those rules deal with final judgments, rather than interlocutory orders. This court's order on Malone and Watson's motion to compel (ECF No. 133) is an interlocutory order. Motions to reconsider or revise an interlocutory order are governed by Local Rule 7.3 and the court's inherent powers. Consistent with the *pro se* pleading standard, the court construes Malone and Watson's filing as being a motion for revision brought under the appropriate rule.

This is a discovery dispute. Malone and Watson wanted the court to compel Thurmond Richardson and Jonathan Overly, two defendants in this action, to produce some documents. (ECF No.

129.) Richardson and Overly stated that the City of Memphis, another defendant in this action, had already given the plaintiffs the documents they wanted Richardson and Overly to produce. (ECF No. 131.) Malone and Watson moved to compel. (ECF No. 129.) In their original motion, as well as in this motion for revision, the two plaintiffs never disputed Richardson and Overly's assertion that the City of Memphis had provided them the documents they were requesting from Richardson and Overly. (ECF Nos. 129; 138.) In addition, Malone and Watson moved to have a set of requests for admission deemed admitted. (ECF No. 129.) Richardson and Overly opposed this because the requests were untimely under the court's scheduling order. (ECF No. 131.) The court denied the motion to compel production of documents and the motion to have the requests for admission deemed admitted. (ECF No. 133.) The court denied the motion to compel production of documents because "Malone and Watson have not identified any reason why [the City of Memphis's document production] does not give them everything they have asked for from Richardson and Overly. The scope of discovery is broad, but it is not so broad as to allow a party to demand the same documents twice." (ECF No. 133.) The court denied the motion to deem the requests for admission admitted because the requests were untimely under the court's scheduling order. (ECF No. 133.)

In this district, motions for revision are governed by Local Rule 7.3, which provides in pertinent part:

> (b) <u>Form and Content of Motion to Revise.</u>  A motion for revision must specifically show: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.
>
> (c) <u>Prohibition Against Repetition of Argument</u>.  No motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised.  Any party or counsel who violates this restriction shall be subject to appropriate sanctions, including, but not limited to, striking the filing.

In addition, a district court has the inherent power to reconsider, rescind, or modify an interlocutory order before entry of a final judgment.  <u>Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.</u>, 118 F. App'x 942, 945-46 (6th Cir. 2004).  "Traditionally, reconsideration of an interlocutory order is only appropriate when one of the following has occurred: (1) an intervening change in the law; (2) the discovery of new evidence; or (3) the need to correct clear error or correct manifest injustice."  <u>Bailey v. Real Time Staffing Services, Inc.</u>, 927 F. Supp. 2d 490, 501 (W.D. Tenn. 2012); see also <u>Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co.</u>, No. 09-2127, 2010 WL 3925261, at *2 (W.D. Tenn. Sept. 29, 2010).  "When the parties simply 'view the

law in a light contrary to that of [the court],' the 'proper recourse' is not to file a motion to reconsider but rather to file an appeal." Bailey, 927 F. Supp. 2d at 501-02 (quoting Dana Corp. v. United States, 764 F. Supp. 482, 489 (N.D. Ohio 1991)).

Malone and Watson argue that the court erred in holding that their requests for production were not proportional to the needs of the case because the records requested are relevant. This does not address the basis for the court's ruling: that the plaintiffs already received the records in question from the City of Memphis. Malone and Watson have not shown a basis for revision of the court's order regarding the motion to compel production of documents.

Malone and Watson further argue that the court should have treated their requests for admission as if they were timely because the scheduling order was ambiguous. However, the scheduling order was not ambiguous. It set a specific date for when requests for admission needed to be filed by: at least 45 days before the close of "the written discovery deadline[.]" It was not a mystery when that deadline was — the deadlines for "completing all discovery," "document production and interrogatories," and "depositions and requests for admissions" were all on the same date. (ECF No. 66.) That deadline was extended several times and is currently January 23, 2020. (ECF No. 125.) The plaintiffs have offered no explanation for why they failed to serve their requests for admission 45 days

before January 23, 2020. Malone and Watson have not shown a basis for revision of the court's order regarding the requests for admission. The motion for revision is DENIED.

IT IS SO ORDERED.

<pre>
                              s/ Tu M. Pham
                              TU M. PHAM
                              United States Magistrate Judge

                              February 21, 2020
                              Date
</pre>