IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| APRIL MALONE and<br>CELITRIA WATSON<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF MEMPHIS,<br>THURMOND RICHARDSON,<br>and JONATHAN OVERLY<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 18-2201-MSN-tmp |

**ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL**

Before the court is April Malone and Celitria Watson's motion to compel the production of documents from the City of Memphis or in the alternative for the City to produce a sworn statement explaining why the documents cannot be produced.[1] (ECF No. 137.) Malone and Watson specifically request unaltered, original text messages between themselves and Kendrick Watson. (ECF No. 137.) In the City of Memphis's response, it asserts that it has produced all text message conversations it has in its possession including Malone and Watson.[2] (ECF Nos. 131-6; 146.) In light of this, the

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2]This is a paraphrase of the City's representation in its brief. Based on the City's statements in other documents filed in this court, the undersigned does not believe this paraphrase materially

court sees no harm in granting the motion to compel. The motion is GRANTED. The City shall produce all text messages that have not previously been produced in its possession between the plaintiffs and Kendrick Watson. If no such messages exist, the City shall produce a sworn statement to that effect. The City shall respond within three days of this order.

    IT IS SO ORDERED.

s/ Tu M. Pham  
TU M. PHAM  
United States Magistrate Judge

February 27, 2020  
Date

---

changes the meaning of the City's representation. See (ECF No. 131-6.)