IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| APRIL MALONE and ) | |
| CELITRIA WATSON ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 18-2201-MSN-tmp |
| ) | |
| CITY OF MEMPHIS, ) | |
| THURMOND RICHARDSON, ) | |
| and JONATHAN OVERLY ) | |
| ) | |
| Defendants. ) | |

**ORDER EXTENDING DISPOSITIVE MOTION DEADLINE**

Before the court is Thurmond[1] Richardson and Jonathan Overly's motion to extend the dispositive motion deadline.[2] (ECF No. 143.) This motion relates to this court's previous order regarding the depositions of the plaintiffs. (ECF No. 140.) Some discussion of that order is appropriate here.

---

[1]As noted in a previous order, it is somewhat unclear what the correct spelling of Officer Richardson's name is from the record. See (ECF No. 133, fn. 1.) The undersigned has adopted the spelling from the case caption in the electronic docket and invited Richardson's counsel to move to correct the case caption if this is incorrect. Richardson's counsel has not moved to correct the case caption but has continued to spell Officer Richardson's name as "Therman." The undersigned again suggests that if Officer Richardson's name is "Therman," Richardson's counsel should move to correct the case caption.

[2]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

The Federal Rules of Civil Procedure require parties to a case to appear for properly noticed depositions. <u>See</u> Fed. R. Civ. P. 37(d)(1)(a). A party who believes a deposition is objectionable can file an appropriate motion to quash the deposition. See Fed. R. Civ. P. 26(c). However, failure to appear for a noticed deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(1)(a)(2). These rules apply to all litigants — *pro se* or otherwise.

On January 10, 2020, the City of Memphis, Thurmond Richardson, and Jonathan Overly noticed the depositions of Malone and Watson for January 17, 2020. (ECF No. 127.) The parties discussed that date by email before the depositions were noticed. (ECF No. 129.) In that email conversation, Malone expressly agreed to a January 17, 2020 deposition. (ECF No. 129.) Watson was silent but did not object to a January 17, 2020 deposition until after the deposition was noticed. (ECF No. 129.) Then, a few days before the depositions, Malone and Watson filed a motion to compel in which they announced "Plaintiffs cannot proceed with depositions without the discovery responses[.]" (ECF No. 129.) Most of the discovery responses Malone and Watson sought to compel in that motion were about interrogatories and requests for production served in August 2019. (ECF No. 133.) In an effort to resolve this dispute without

the need for judicial intervention, Richardson and Overly's counsel reached out to Malone and Watson the day after they filed their motion to compel to offer to move Malone and Watson's depositions back to the last day of the deposition discovery deadline. (ECF No. 131-12.) Richardson and Overly represent in briefing that Malone and Watson did not respond to this, but instead filed a motion for a hearing that again made clear that Malone and Watson would not attend depositions without the discovery responses they wanted. (ECF No. 138.) Malone and Watson did not attend their noticed depositions. (ECF No. 138; ECF No. 139.)

Richardson and Overly moved for a status conference in which they planned to ask the court to extend the deposition discovery deadline so that they could take the depositions of Malone and Watson. (ECF No. 138.) This is consistent with the Federal Rules. A scheduling order may be modified "'[w]hen a relevant deadline cannot reasonably be met despite the diligence of the party seeking the extension.'" Preston v. Don Baskin Truck Sales, LLC, No. 13-CV-2782-SHL-cgc, 2015 WL 12882804, at *1 (W.D. Tenn. Apr. 28, 2015) (quoting EEOC v. U-Haul Intern., Inc., 286 F.R.D. 322, 325 (W.D. Tenn. 2012)). Here, despite diligently attempting to obtain the depositions of the plaintiffs, Richardson and Overly were prevented by Malone and Watson's refusal to show up at their properly noticed depositions. The court thus allowed Richardson

and Overly to take Malone and Watson's depositions out-of-time. (ECF No. 140.)

In a subsequent filing, Malone and Watson have expressed disagreement with the court's decision to not also extend the deadline to allow the plaintiffs to take depositions. But there is no basis for such an extension. Malone and Watson could have taken depositions of the defendants during the discovery period. Alternatively, they could have moved to extend the deposition discovery period before it expired, explaining specifically why they could not take the depositions without the information they sought in their motion to compel. Malone and Watson did neither. As a result, the court did not allow them to take depositions out-of-time.

In light of the order permitting the depositions of the plaintiffs to proceed out-of-time, Richardson and Overly ask that the dispositive motion deadline be extended. The motion is GRANTED AS MODIFIED. The dispositive motion deadline is extended until 30 days after the depositions of the plaintiffs are taken.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 27, 2020
Date